THE CITIZENS STATE BANK v. ANNA WESTON, et al., Appellants.

FRAUDULENT CONVEYANCE: *Evidence.* A father and his daughter made a contract, when she was about twenty-five years old, whereby she agreed to stay at home and care for her parents, and he agreed to clothe and support her and pay her one hundred and fifty dollars a year; said sum to be paid when she required it. After she had worked pursuant to such contract for some thir-teen years, during which time she had been paid nothing, a bank brought suit against the father, and obtained judgment. Pend-ing the suit she demanded that she be paid for her services. He .had no money, and it was agreed between them that he should convey to her certain land in full satisfaction of her claim. *Held,* that the conveyance made by him and accepted by her pur-suant to the latter agreement was not fraudulent as to the bank

*Appeal from Pottawattamie District Court.*—HON. W. I. SMITH
Judge.

TUESDAY, OCTOBER 19, 1897.

ACTION in equity to set aside a conveyance of certain land.
Decree for plaintiff, and defendants appeal.—*Reversed.*

*Flickinger Bros.* for appellants.

*Mayne & Hazelton* for appellee.

KINNE, C. J.—Owing to the contention of counsel as to the con-
dition of the record, we have carefully read the transcript in this
case; and from it and from the pleadings we find the following,
among other, facts established: Plaintiff bank secured a judgment
against the defendant James Weston, who is the father of the
defendant Anna Weston. About the time the judgment was ren-
dered, the said James Weston conveyed the premises in controversy
to the defendant Anna Weston, his daughter. This action is brought
to set aside said deed, and to establish the lien of the plaintiff's
judgment against the said land. Anna Weston, the daughter, when
about twenty-five years of age, entered into an agreement with her
father whereby she agreed to stay at home and work and care for
her parents, in consideration of which the father agreed to support
and clothe her and pay her at the rate of one hundred and fifty dollars
per year; said sum to be paid when she required it. Under this
arrangement, Anna stayed at home, did the housework, and cared
for her parents for some thirteen years prior to the execution of the
deed to her. She had never been paid anything under the agree-
ment until the property was conveyed to her, which she accepted in
full for all her services theretofore rendered. The mother was
during all of this time in poor health, and required constant care.
While plaintiff's suit was pending against her father, Anna
demanded that she should be paid for her services. The father then
had no money, and it was agreed between them that he should con-
vey this land to her in full satisfaction of her claim. We th'nk the
evidence establishes the contract of employment, and the perform-
ance of the labor by Anna thereunder, and that the deed was
accepted by her for the purpose of settlement of the sum due her.
It may be conceded that in some respects the evidence of the father
is not satisfactory, but, taking all of the evidence, it is reasonably
clear that the plaintiff has failed to establish its claim that the

VOL. 103 Ia—47

conveyance was made for the purpose of defrauding it. As the father was in fact indebted to the daughter, he had a legal right to convey this land in satisfaction of her claim, even though the effect of it was to hinder, delay, or prevent the plaintiff from collecting its claim. We have no doubt of the justness of the daughter's claim, and we think the evidence shows that the transaction was legitimate. The law is so well settled, relating to such conveyances, that we need not here cite the authorities. The evidence is not sufficient to sustain plaintiff's claim, and a decree should have been entered for the defendant Anna.—REVERSED.